MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
ELENA BARRIOS PAREDES, *individually and on behalf of others similarly situated,*

                *Plaintiff*,

             -against-

SAROOP & SONS INC. (D/B/A SAROOP & SONS), PRANDIT SAROOP, and ANDY DOE,

                *Defendants.*
--------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

    Plaintiff Elena Barrios Paredes ("Plaintiff Barrios" or "Ms. Barrios"), individually and on behalf of others similarly situated, by and through her attorneys, Michael Faillace & Associates, P.C., upon her knowledge and belief, and as against Saroop & Sons Inc. (d/b/a Saroop & Sons), ("Defendant Corporation"), Prandit Saroop and Andy Doe, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

    1.    Plaintiff Barrios is a former employee of Defendants Saroop & Sons Inc. (d/b/a Saroop & Sons), Prandit Saroop, and Andy Doe.

    2.    Defendants own, operate, or control a poultry market, located at 2164 Webster Ave. Bronx, NY 10457 under the name "Saroop & Sons".

3. Upon information and belief, individual Defendants Prandit Saroop and Andy Doe, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the poultry market as a joint or unified enterprise.

4. Plaintiff Barrios was employed as a chicken cutter and deboner at the poultry market located at 2164 Webster Ave. Bronx, NY 10457.

5. At all times relevant to this Complaint, Plaintiff Barrios worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that she worked.

6. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiff Barrios appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7. Defendants' conduct extended beyond Plaintiff Barrios to all other similarly situated employees.

8. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Barrios and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

9. Plaintiff Barrios now brings this action on behalf of herself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

10. Plaintiff Barrios seeks certification of this action as a collective action on behalf of herself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Barrios's state law claims under 28 U.S.C. § 1367(a).

12. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a poultry market located in this district. Further, Plaintiff Barrios was employed by Defendants in this district.

## PARTIES

*Plaintiff*

13. Plaintiff Elena Barrios Paredes ("Plaintiff Barrios" or "Ms. Barrios") is an adult individual residing in Bronx County, New York. Plaintiff Barrios was employed by Defendants at Saroop & Sons from approximately October 13, 2017 until on or about September 30, 2018.

14. Plaintiff Barrios consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

15. At all relevant times, Defendants owned, operated, or controlled a poultry market, located at 2164 Webster Ave. Bronx, NY 10457 under the name "Saroop & Sons".

16. Upon information and belief, Saroop & Sons Inc. (d/b/a Saroop & Sons) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 2164 Webster Ave. Bronx, NY 10457.

17. Defendant Prandit Saroop is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Prandit Saroop is sued individually in her capacity as owner, officer and/or agent of Defendant Corporation. Defendant Prandit Saroop possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiff Barrios, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

18. Defendant Andy Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Andy Doe is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Andy Doe possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Barrios, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

**FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

19. Defendants operate a poultry market located in the West Bronx section of the Bronx in New York City.

20. Individual Defendants, Prandit Saroop and Andy Doe, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

21. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

22. Each Defendant possessed substantial control over Plaintiff Barrios's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Barrios, and all similarly situated individuals, referred to herein.

23. Defendants jointly employed Plaintiff Barrios (and all similarly situated employees) and are Plaintiff Barrios's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

24. In the alternative, Defendants constitute a single employer of Plaintiff Barrios and/or similarly situated individuals.

25. Upon information and belief, Individual Defendants Prandit Saroop and Andy Doe operate Defendant Corporation as either an alter ego of themselves and/or failed to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

   a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

   b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c) transferring assets and debts freely as between all Defendants,

    d) operating Defendant Corporation for their own benefit as the sole or majority shareholders,

    e) operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

    f) intermingling assets and debts of their own with Defendant Corporation,

    g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

    h) Other actions evincing a failure to adhere to the corporate form.

26. At all relevant times, Defendants were Plaintiff Barrios's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Barrios, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Barrios's services.

27. In each year from 2017 to 2018, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

28. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the poultry market on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

29. Plaintiff Barrios is a former employee of Defendants who was employed as a chicken cutter and deboner.

30. Plaintiff Barrios seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Elena Barrios Paredes*

31. Plaintiff Barrios was employed by Defendants from approximately October 13, 2017 until on or about September 30, 2018.

32. Defendants employed Plaintiff Barrios as a chicken cutter and deboner.

33. Plaintiff Barrios regularly handled goods in interstate commerce, such as poultry market and other supplies produced outside the State of New York.

34. Plaintiff Barrios's work duties required neither discretion nor independent judgment.

35. Throughout her employment with Defendants, Plaintiff Barrios regularly worked in excess of 40 hours per week.

36. From approximately October 13, 2017 until on or about September 30, 2018, Plaintiff Barrios worked from approximately 8:00 a.m. until on or about 5:30 p.m., 1 day a week, from approximately 8:00 a.m. until on or about 5:45 p.m., 4 days a week, and from approximately 7:00 a.m. until on or about 5:00 p.m., on Saturdays (typically 58.5 hours per week).

37. Throughout her employment, Defendants paid Plaintiff Barrios her wages in cash.

38. From approximately October 13, 2017 until on or about September 30, 2018, Defendants paid Plaintiff Barrios $5.00 per hour.

39. Plaintiff Barrios's pay did not vary even when she was required to stay later or work a longer day than her usual schedule.

40. For example, Defendants required Plaintiff Barrios to work an additional 30 to 45 minutes past her scheduled departure time every day, and did not pay her for the additional time she worked.

41. Defendants never granted Plaintiff Barrios any breaks or meal periods of any kind.

42. Plaintiff Barrios was not required to keep track of her time, nor to her knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected her actual hours worked.

43. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Barrios regarding overtime and wages under the FLSA and NYLL.

44. Defendants did not provide Plaintiff Barrios an accurate statement of wages, as required by NYLL 195(3).

45. Defendants did not give any notice to Plaintiff Barrios, in English and in Spanish (Plaintiff Barrios's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

46. Defendants required Plaintiff Barrios to purchase "tools of the trade" with her own funds—including gloves every week, aprons ever two months and one pair of boots.

*Defendants' General Employment Practices*

47. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Barrios (and all similarly situated employees) to work in excess of 40 hours a week without paying her appropriate minimum wage and overtime compensation as required by federal and state laws.

48. Plaintiff Barrios was a victim of Defendants' common policy and practices which violate her rights under the FLSA and New York Labor Law by, *inter alia*, not paying her the wages she was owed for the hours she worked.

49. Defendants' pay practices resulted in Plaintiff Barrios not receiving payment for all her hours worked, and resulted in Plaintiff Barrios's effective rate of pay falling below the required minimum wage rate.

50. Defendants habitually required Plaintiff Barrios to work additional hours beyond her regular shifts but did not provide her with any additional compensation.

51. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

52. Defendants paid Plaintiff Barrios her wages in cash.

53. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

54. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Barrios (and similarly situated individuals) worked, and to avoid paying Plaintiff Barrios properly for her full hours worked.

55. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

56. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Barrios and other similarly situated former workers.

57. Defendants failed to provide Plaintiff Barrios and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of

employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

58. Defendants failed to provide Plaintiff Barrios and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

59. Plaintiff Barrios brings her FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

60. At all relevant times, Plaintiff Barrios and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and

plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records as required under the FLSA.

61. The claims of Plaintiff Barrios stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

62. Plaintiff Barrios repeats and realleges all paragraphs above as though fully set forth herein.

63. At all times relevant to this action, Defendants were Plaintiff Barrios's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Barrios (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

64. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

65. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

66. Defendants failed to pay Plaintiff Barrios (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

67. Defendants' failure to pay Plaintiff Barrios (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

68. Plaintiff Barrios (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

69. Plaintiff Barrios repeats and realleges all paragraphs above as though fully set forth herein.

70. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Barrios (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

71. Defendants' failure to pay Plaintiff Barrios (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

72. Plaintiff Barrios (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

73. Plaintiff Barrios repeats and realleges all paragraphs above as though fully set forth herein.

74. At all times relevant to this action, Defendants were Plaintiff Barrios's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Barrios, controlled the terms and conditions of her employment, and determined the rates and methods of any compensation in exchange for her employment.

75. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Barrios less than the minimum wage.

76. Defendants' failure to pay Plaintiff Barrios the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

77. Plaintiff Barrios was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

78. Plaintiff Barrios repeats and realleges all paragraphs above as though fully set forth herein.

79. Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Barrios overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

80. Defendants' failure to pay Plaintiff Barrios overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

81. Plaintiff Barrios was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

82. Plaintiff Barrios repeats and realleges all paragraphs above as though fully set forth herein.

83. Defendants failed to provide Plaintiff Barrios with a written notice, in English and in Spanish (Plaintiff Barrios's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances,

if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

84. Defendants are liable to Plaintiff Barrios in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS
## OF THE NEW YORK LABOR LAW

85. Plaintiff Barrios repeats and realleges all paragraphs above as though fully set forth herein.

86. With each payment of wages, Defendants failed to provide Plaintiff Barrios with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

87. Defendants are liable to Plaintiff Barrios in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

88. Plaintiff Barrios repeats and realleges all paragraphs above as though fully set forth herein.

89. Defendants required Plaintiff Barrios to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform her job, further reducing her wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

90. Plaintiff Barrios was damaged in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Barrios respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Barrios and the FLSA Class members;

(c) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Barrios and the FLSA Class members;

(d) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Barrios's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Barrios and the FLSA Class members;

(f) Awarding Plaintiff Barrios and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g) Awarding Plaintiff Barrios and the FLSA Class members liquidated damages in an amount equal to 100% of her damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Barrios;

(i) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Barrios;

(j) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Barrios's compensation, hours, wages and any deductions or credits taken against wages;

(k) Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Barrios;

(l) Awarding Plaintiff Barrios damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(m) Awarding Plaintiff Barrios damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)     Awarding Plaintiff Barrios liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o)     Awarding Plaintiff Barrios and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p)     Awarding Plaintiff Barrios and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(q)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)     All such other and further relief as the Court deems just and proper.

### JURY DEMAND

Plaintiff Barrios demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York
        October 3, 2018

                            MICHAEL FAILLACE & ASSOCIATES, P.C.

                     By:         /s/ Michael Faillace
                            Michael Faillace [MF-8436]
                            60 East 42nd Street, Suite 4510
                            New York, New York 10165
                            Telephone: (212) 317-1200
                            Facsimile: (212) 317-1620
                            *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

October 1, 2018

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Elena Barrios Paredes

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:                *[signature]*

Date / Fecha:                     Octubre 1, 2018

*Certified as a minority-owned business in the State of New York*